

388-08/MEU/DJF
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
LITTLE PRINCE MARINE LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)
Daniel J. Fitzgerald (DF 6313)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LITTLE PRINCE MARINE LTD.,

          Plaintiff,

-against-

C & MERCHANT MARINE CO. LTD f/k/a
SEYANG SHIPPING CO. LTD a/k/a C AND
MERCHANT MARINE CO. LTD.,

          Defendant.

---

08 Civ _____

**VERIFIED COMPLAINT**

Plaintiff, LITTLE PRINCE MARINE LTD. (hereinafter "LPM") for its Verified Complaint against Defendant C & MERCHANT MARINE CO. LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD. (hereinafter "CMM") alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves a claim for the breach of a maritime contract of charter party. This case also falls under this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333 and the Court's federal question jurisdiction pursuant to 28 U.S.C. §1331 in that the action arises under the New York Convention on the Recognition and

Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et seq.*

2. At all times material hereto, Plaintiff LPM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at Ajeltake Road, Ajeltake Island, Majuro MH 96960, Marshall Islands.

3. At all times relevant hereto, Defendant CMM was and still is a foreign business entity duly organized and existing under the laws of a foreign country with an address at 13-14th Floor, Changgyo Building 1, Changgyo-dong Chung-gu, Seoul, Korea.

4. On or about May 26, 2008, Defendant CMM, as charterer, entered into a maritime contract of charter party with Plaintiff LPM, as disponent owner, for use of the M/V LITTLE PRINCE.

5. Pursuant to its charter with Plaintiff LPM, Defendant CMM was obligated to pay charter hire every 15 days in advance at the rate of $76,000 per day pro rata for the duration of the charter period.

6. Plaintiff LPM duly delivered the M/V LITTLE PRINCE into the service of Defendant CMM, and duly performed its obligations under the charter.

7. Despite CMM's obligation to pay charter hire under the charter, Defendant CMM is in arrears for charter hire in the amount of $842,840.67.

8. Despite due demand by Plaintiff LPM and the acknowledgement by Defendant that the above sum is due and owing, CMM have failed to pay the hire.

9. The charter party provides for the application of English law and disputes between the parties to be resolved by arbitration in London, and LPM specifically reserves its right to arbitrate the substantive matters at issue.

10. This action is brought *inter alia* pursuant to 9 U.S.C. §8 in order to obtain security for Plaintiff LPM's claims which have or will soon be made in the London arbitration under English law as agreed by the parties.

11. As a regular feature of English law and arbitration, attorney fees are awarded to the successful litigant, along with costs, disbursements, the cost of the arbitration, and interest, all of which constitutes a part of the Plaintiff's main claim and the amount sued for herein.

12. Plaintiff LPM estimates, as nearly as can presently be computed, that the legal expenses and costs of prosecuting its claims in London arbitration will be $250,000.00. Interest anticipated to be awarded is estimated to be $144,681.51 (calculated at the rate of 8% per annum compounded quarterly for a period of 2 years, the estimated time for completion of the proceedings in London).

13. In all, the claim for which Plaintiff LPM sues in this action, as near as presently may be estimated, totals $1,237,522.18, no part of which has been paid by Defendant CMM, despite due demand. Plaintiff LPM specifically reserves its right to amend this figure and to seek an increase in the amount of security should such sum appear to be insufficient to fully secure LPM.

### Request for Rule B Relief

14. Upon information and belief, and after investigation, Defendant cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff believes that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant C & MERCHANT

MARINE CO., LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD. (collectively hereinafter, "ASSETS"), including but not limited to ASSETS in either of its names and/or being transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein.

15.   The total amount sought to be attached pursuant to the above is **$1,237,522.18**.

WHEREFORE, Plaintiff LITTLE PRINCE MARINE LTD. prays:

a.   That process in due form of law according to the practice of this Court may issue against Defendant citing it to appear and answer the foregoing;

b.   That if Defendant cannot be found within this District pursuant to Supplemental Rule B that all tangible or intangible property of Defendant up to and including **$1,237,522.18** be restrained and attached, including, but not limited to any cash, funds, escrow funds, credits, debts, wire transfers, electronic funds transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or being transferred from or for the benefit of Defendant C & MERCHANT MARINE CO. LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD., including but not limited to ASSETS in its name and/or being transferred for its benefit at, through, or within the possession, custody or control of such banking institutions and/or any such other garnishees who may be served with a copy of the Process of Maritime Attachment and Garnishment issued herein;

c.   That this Court retain jurisdiction over the matter for any further or supplemental proceedings as may be necessary, including but not limited to the recognition and

enforcement of any award entered against the Defendant in the London proceedings; and

d.  For such other, further and different relief as this Court may deem just and proper in the premises.

Dated: New York, New York
       July 16, 2008

                    FREEHILL HOGAN & MAHAR, LLP
                    Attorneys for Plaintiff
                    LITTLE PRINCE MARINE LTD.

                    By: _____
                        Michael E. Unger (MU 0045)
                        Daniel J. Fitzgerald (DF 6318)
                        80 Pine Street
                        New York, NY  10005
                        (212) 425-1900
                        (212) 425-1901 (fax)

## ATTORNEY VERIFICATION

State of New York    )
                           ) ss.:
County of New York  )

MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

1. I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff in this action, I have read the foregoing Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications, information and documentation provided by our client and/or by solicitors representing our client, and independent investigations conducted by this office.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within this Judicial District.

                                                                                           _____
                                                                                           MICHAEL E. UNGER

Sworn to before me this
16th day of July 2008

_____
Notary Public

GLORIA J. REGIS HOSEIN
Notary Public, State of New York
No. 01RE6065625, Qualified in Kings County
Certificate Filed in New York County
Commission Expires October 22, 2009

NYDOCS1/308711.1