JUDGE STEIN

08 CIV 6382

388-08/MEU/DJF
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
LITTLE PRINCE MARINE LTD.
80 Pine Street
New York, NY 10005
(212) 425-1900
(212) 425-1901 fax

Michael E. Unger (MU 0045)
Daniel J. Fitzgerald (DF 6313)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
LITTLE PRINCE MARINE LTD.,

                                   Plaintiff,

        -against-

C & MERCHANT MARINE CO. LTD f/k/a SEYANG
SHIPPING CO. LTD a/k/a C AND MERCHANT
MARINE CO. LTD,

                                 Defendant.
-----------------------------------------------------------------x

08 CV _____ (   )

**UNGER AFFIDAVIT PURSUANT TO RULE B(1) AND IN SUPPORT OF ORDER APPOINTING PERSON TO SERVE PROCESS PURSUANT TO RULE 4(c) AND SCOPE OF SERVICE**

State of New York   )
                          ) ss.:
County of New York )

      MICHAEL E. UNGER, being duly sworn, deposes and says as follows:

      1.     I am a member of the Bar of the United States District Court, Southern District of New York, admitted to practice before this Court and I am a partner with the law firm of Freehill Hogan & Mahar, LLP, attorneys for Plaintiff herein.

      2.     This Affidavit is submitted pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure (see paragraphs 3-4, below) and in support of Plaintiff's application pursuant to Rule 4(c) of the Federal Rules of Civil Procedure (see paragraphs 5-9, below).

NYDOCS1/308717.1

## **DEFENDANT IS NOT FOUND WITHIN THE SDNY**

3.  Deponent has made an investigation and deponent believes that based upon the results of this investigation, that Defendant C & MERCHANT MARINE CO. LTD f/k/a SEYANG SHIPPING CO. LTD a/k/a C AND MERCHANT MARINE CO. LTD. (hereinafter "Defendant") is a corporation or other business entity that cannot be "found" within this District for the purpose of an attachment under Rule B. In support of this position, deponent has conducted the following investigation:

(a) Deponent contacted the office of the New York Department of State, Division of Corporations on July 16, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for the Defendant and the search results indicated that Defendant is a foreign business corporation duly organized under the laws of Korea with a local address at which Defendant may be mailed process if accepted by the Division of Corporations on behalf of the entity at 450 Seventh Avenue, Suite 2304, New York, New York 10123.

(b) On July 15, 2008, I personally attended at 450 Seventh Avenue, Suite 2304, New York, New York 10123 to investigate whether Defendant actually maintained a current address at that location. Upon arriving at 450 Seventh Avenue, I reviewed the electronic business directory on the ground floor, and was unable to locate a listing for the Defendant. I then visited the 23rd floor in search of Suite 2304. Defendant was not listed on the business directory located on the 23rd floor. The business listed on the directory at Suite 2304 was "Paul E. Loomie, Esq., Roger C. Higbie, Esq., Pamita Bhandari, Esq." There were twelve small businesses on the 23rd floor with a single entry way marked with the name of each business. None of the markers displayed the name of

Defendant. The door to Suite 2304 was closed, and the name of the business was "Paul E. Loomie, Esq., Roger C. Higbie, Esq." I sounded the doorbell to Suite 2304 and was greeted by Joseph Park, an employee of Paul E. Loomie, Esq. and Roger C. Higbie, Esq. According to Mr. Park, Defendant was the previous tenant of Suite 2304, and moved out approximately one year earlier. When Loomie and Higbie moved in, the C & M office was very quiet and appeared to be set up only for the purpose of having a presence in New York City. Defendant left no forwarding contact information, and since moving off the premises, Defendant has made no contact with Suite 2304. Loomie and Higbie is a law practice unrelated to Defendant, and Mr. Park did not know any employees of Defendant.

(c) Deponent consulted with Directory Assistance for New York on July 16, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for the Defendant was located;

(d) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2007 Edition (Vol. 1 New York Metropolitan Area) and found a listing for the Defendant at 450 Seventh Avenue, Suite 2304, New York, New York 10123, (see ¶3(b)), with a telephone number at (212) 594-5086. Deponent called (212) 594-5086 on July 16, 2008 and the telephone number was out of service.

(e) Deponent accessed on July 16, 2008, through Microsoft Internet Explorer and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any offices or agents of the Defendant within this district;

(f) Deponent is unaware of any general or managing agent(s) within this District for the Defendant;

(g) Deponent located and reviewed the Defendant's website and found no evidence that Defendant has an office in this District or is otherwise doing business in the District.

(h) Deponent is aware of Defendant's affiliation with several independent companies – C & Line; C & Shipping Co., Ltd.; C & KCL Co., Ltd.; C & Ferry Co., Ltd.; C & Jindo Co., Ltd.; C & Container Leasing Co.; C & Heavy Industries; C & Woobang Co., Ltd.; C & Woobang Enc Co., Ltd.; C & Hangangland Co., Ltd.; C & Woobangland Co., Ltd.; Ushell Comm Corporation; C & Jindo F& Co., Ltd.; and Dongnama Shipping Co., Ltd.

(i) Deponent contacted the office of the New York Department of State, Division of Corporations on July 16, 2008, via the official Department of State website at http://www.dos.state.ny.us and conducted a search for each affiliated company and the search results indicated that the affiliated companies are not New York corporations, nor licensed, authorized or registered to do business in the State of New York as either domestic or international corporations;

(ii) Deponent consulted with Directory Assistance for New York on July 16, 2008 for area codes (212), (347), (718), (917), (646), (914), and (845) and no listing for any of the affiliated companies were located;

(iii) Deponent reviewed the Journal of Commerce (Business Directory) Transportation Telephone Tickler, 2007 Edition (Vol. 1 New York Metropolitan Area) and no listing was found for any of the affiliated companies, except for C & Shipping Co., Ltd., was found. C & Shipping Co., Ltd. was listed with an address at 450 Seventh Avenue, Suite 2304, New York, New York 10123, (see

NYDOCS1/308717.1

¶3(b)), and with a telephone number at (212) 594-5467. Deponent called (212) 594-5467 on February 26, 2008 and the number was out of service;

(iv)    Deponent accessed on July 16, 2008, through Microsoft Internet Explorer and Yahoo! Search engines the yellow pages telephone directory database and found no listing in that database for any offices or agents of the affiliated companies within this district;

(v)    Deponent is unaware of any general or managing agent(s) within this District for any of the affiliated companies;

(vi)    Deponent located and reviewed the website of each affiliated company (except for the website of C & Container Leasing Co. which deponent was unable to locate) and found no evidence that any of the affiliated companies have an office in this District or is otherwise doing business in the District.

4.    Based upon the foregoing, your deponent submits that the Defendant cannot be "found" within this District for the purpose of an attachment pursuant to Rule B and seeks an order of attachment against such tangible and intangible property of the Defendant as may be found within this District up to and including the amount of the claim as specified in the Verified Complaint.

### REQUEST FOR ORDER APPOINTING SPECIAL PROCESS SERVER

5.    Plaintiff also applies, pursuant to Rule 4(c) of the Federal Rules of Civil Procedure, for an Order appointing myself, Lawrence Kahn, Barbara Carnevale, Pamela Shultz, Daniel J. Fitzgerald, Jan Gisholt, Robert Ridenour, Joan Sorrentino, Christina Gargano, or any other partner, associate, paralegal or other agent of Freehill Hogan & Mahar LLP, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant

to FRCP Supplemental Rule B upon the named garnishee(s) as well as any other garnishee(s) who (based upon information developed subsequent hereto) may hold assets of, for, or on behalf of the Defendant.

6. Plaintiff is desirous of serving the Process of Attachment and Garnishment on the garnishee(s) with all deliberate speed so that it will be fully protected against the possibility of not being able to satisfy a judgment that may ultimately be entered by Plaintiff against the Defendant.

7. To the extent this application for an Order appointing a special process server with respect to this attachment and garnishment does not involve a restraint of physical property, there is no need to require that the service be effected by the Marshal as it simply involves delivery of the process to the respective garnishee(s).

8. Plaintiff also requests that the Court grant it leave to serve any additional garnishee(s) who may be discovered in the course of this litigation to be holding property of the Defendant within this District. By obtaining leave at this time to serve these other possible garnishees, it will facilitate prompt service of the Process without the need to return to the Court for permission to amend the process simply to name other garnishees.

9. In addition, and to avoid the need to repetitively serve the garnishees/banking institutions, Plaintiff respectfully seeks leave, as embodied in the accompanying Order, for any process served on a garnishee to be deemed effective and continuous throughout any given day on which process is served and up through the end of the next business day, providing service is made the next business day, and authorizing service by facsimile or email following an initial service of the process by hand, and to deem such facsimile or email service as being

accomplished within this District if such service is transmitted or initiated from within the District.

_____
Michael E. Unger

Sworn to before me this
16th day of July, 2008

_____
Notary Public

**GLORIA J. REGIS HOSEIN**
Notary Public, State of New York
No. 01RE6065625, Qualified in Kings County
Certificate Filed in New York County
Commission Expires October 22, 2009

NYDOCS1/308717.1